**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1666
_____

UNITED STATES OF AMERICA

v.

DAVID STEELE,

Appellant
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 3-15-cr-00196-001)
District Judge: Honorable Richard P. Conaboy
_____

Submitted Under Third Circuit LAR 34.1(a)
November 8, 2016
_____

Before: McKEE and RESTREPO, *Circuit Judges,* and HORNAK,[*] *District Judge.*

(Filed: March 16, 2017)
_____

OPINION[**]
_____

---

[*]  Honorable Mark R. Hornak, District Judge for the United States District Court for the Western District of Pennsylvania, sitting by designation.

[**]  This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

HORNAK, *District Judge*.

Defendant David Steele pleaded guilty to theft of government property and was sentenced to a term of imprisonment of twelve months and one day. Steele appealed, and defense counsel moved to withdraw from the case pursuant to *Anders v. California,* 386 U.S. 738 (1967). For the reasons that follow, we will affirm the District Court's judgment and grant defense counsel's motion to withdraw.

## I

On September 11, 2015, after discovering evidence of theft from the postal service in Steele's home, the United States filed a one-count criminal information charging Steele with theft of government property. With the assistance of defense counsel, Steele negotiated a plea agreement with the United States and pled guilty to the information. Steele's Presentence Investigation Report ("PSR") included a calculated Sentencing Guidelines range of six to twelve months, which was based on a Total Offense Level of 8 and a Criminal History Category of III. Steele did not object to the PSR's Guidelines calculation, but defense counsel did argue at the sentencing hearing that in lieu of imprisonment, the District Court should impose a sentence that consisted of probation with conditions such as home detention. The District Court initially sentenced Steele to twelve months imprisonment but, at the request of defense counsel, changed the sentence to a term of imprisonment for twelve months and one day so that Steele could earn good time credits while in prison. Steele filed a timely appeal, and defense counsel thereafter filed a motion to withdraw as counsel under *Anders*. Steele did not file a *pro se* brief on the merits of his appeal by July 31, 2016, as we had authorized him to do.

2

## II

In *Anders*, the Supreme Court explained that "if counsel finds his [client's appeal] to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. Defense counsel must file a brief along with his motion to withdraw that discusses "anything in the record that might arguably support the appeal." *Id.* We must then decide "1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a), and 2) whether an independent review of the record presents any nonfrivolous issues." *Simon v. Gov't of the Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012), *as amended* (May 16, 2012). Issues are frivolous when they are not arguable on their merits. *Id.* We exercise plenary review to make the necessary determinations.[1] *Id*.

### A.

An *Anders* brief is adequate under L.A.R. 109.2(a)[2] when defense counsel (1) demonstrates that he "thoroughly examined the record in search of appealable issues, and

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] L.A.R. 109.2(a) states:
> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738 (1967), which must be served upon the appellant and the United States. The United States must file a brief in response. Appellant may also file a brief in response pro se. After all briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant counsel's Anders motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, or that the Anders brief is inadequate to assist the court in its

(2) [] explain[s] why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). In this case, we conclude that defense counsel's *Anders* brief is adequate. After thoroughly examining the record, defense counsel noted three issues that Steele could potentially raise on appeal following his guilty plea: (1) whether the District Court had jurisdiction; (2) whether his guilty plea was valid; and (3) whether the sentence imposed was legal and reasonable. *See United States v. Broce,* 488 U.S. 563, 569 (1989). Citing to the record and applicable legal authority, defense counsel then delineated why such issues are not arguable on their merits. He explained that (1) there is no argument that the District Court did not have jurisdiction, (2) the plea colloquy fully complied with Federal Rule of Criminal Procedure 11, and (3) the sentence imposed was legal and reasonable based on current law and the sentencing factors set forth in 18 U.S.C. § 3553(a). Accordingly, we are satisfied that defense counsel's *Anders* brief adequately fulfilled the requirements of L.A.R. 109.2(a).

**B.**

The second step of our analysis requires us to independently review the record for non-frivolous, appealable issues. However, in doing so, we need not completely reinvent the wheel. *Youla*, 241 F.3d at 301. Rather, "[w]here the *Anders* brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the *Anders* brief itself." *Id.* (internal quotation marks omitted).

_____

review, it will appoint substitute counsel, order supplemental briefing and restore the case to the calendar. The panel will also determine whether to continue the appointment of current counsel or to direct the clerk to discharge current counsel and appoint new counsel.

4

Examining the three issues that defense counsel identified, we hold that there are no non-frivolous issues for appeal in this case. First, we conclude that the District Court incontestably had jurisdiction under 18 U.S.C. § 3231 because Steele was charged with violating 18 U.S.C. § 641. Second, the record indicates that the District Court's plea colloquy fully complied with the requirements of Rule 11. Specifically, during the Plea Hearing, the Magistrate Judge ensured that Steele understood the nature of the charge against him and the rights that he would be foregoing by pleading guilty.[3] Accordingly, we conclude that Steele's guilty plea was knowing and voluntary and that there is no non-frivolous argument to the contrary.

Third, we conclude that the sentence imposed by the District Court was both lawful and reasonable. We evaluate both the procedural and substantive reasonableness of a sentence using an abuse of discretion standard. *United States v. Grober*, 624 F.3d 592, 599 (3d Cir. 2010). Under our holding in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), the District Court must take three procedural steps when determining a sentence: (1) correctly calculate the Guidelines sentencing range; (2) formally rule on any departure motions by either party; and (3) consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a) and explain the prescribed sentence. *Id.* at 247; *see United States v. Charles*, 467 F.3d 828, 832 (3d Cir. 2006). "We will affirm a procedurally sound sentence as substantively reasonable unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district

---

[3] The Magistrate Judge also concluded in his Report and Recommendation that Steele was competent to plead guilty.

court provided." *Grober*, 624 F.3d at 599 (internal quotation marks and citations omitted). In general, we also apply a presumption of reasonableness to sentences within an appropriately-calculated Guidelines range. *Rita v. United States,* 551 U.S. 338, 346 (2007).

In this case, where neither party moved for a formal departure, the District Court fully satisfied the *Gunter* steps by correctly calculating a Guidelines sentencing range of six to twelve months imprisonment, thoroughly considering the § 3553(a) factors, and explaining that a sentence of twelve months imprisonment was proper given Steele's long history of criminal conduct and the harm it caused. Although the sentence the District Court ultimately imposed was one day outside of and above the Guidelines sentencing range, the District Court only amended its original sentence to add the extra day at Steele's request. Thus, accounting for the fact that the District Court carefully applied the § 3553(a) factors to the facts at issue, we are satisfied that the sentence the District Court imposed was reasonable. An appeal based on the sentence would be frivolous.

### III

For the foregoing reasons, we agree with defense counsel that there are no non-frivolous issues for appeal in this case. We will grant defense counsel's motion to withdraw under *Anders* and affirm the District Court's judgment and commitment Order.[4]

---

[4] Because we conclude that Steele's appeal "lacks arguable merit," L.A.R. 109.2(a) does not require that we appoint Steele new counsel. *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009).